**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **NANCY KOEHLER AND REGINA BRISBANE**<br>**On behalf of themselves**<br>**and all others similarly situated,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**FREIGHTQUOTE.COM, INC**<br><br>**Registered Agent:**<br>**Corporation Service Company**<br>**200 SW 30th Street**<br>**Topeka, KS 66611**<br><br>**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.:** 12-2505 KHV/GLR |

**COMPLAINT**
**Collective Action Under the FLSA**

**COME NOW** the Plaintiffs, Nancy Koehler and Regina Brisbane on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action against Defendant Freightquote.com, Inc., ("Freightquote" or "Defendant") for unpaid wages, including straight time and overtime compensation and related penalties and damages. Freightquote is the largest online freight shipping broker in the nation. *See http://www. www.freightquote.com/about/* (last visited on June 4, 2012). Defendant's practices and policies are to willfully fail and refuse to properly pay all compensation, including straight time and overtime compensation due Plaintiffs, and

all other similarly situated employees, who work or worked at Defendant's locations throughout the United States.

2. This matter is brought on behalf of two separate types of employees: Truckload Coverage Specialists, and others with similar job duties and compensation structures, and New Customer Activations Representatives, and others with similar job duties and compensation structures. Plaintiff Nancy Koehler was employed by Defendant as a Truckload Coverage Specialist and was misclassified as an exempt employee. Plaintiff Nancy Koehler regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 203 *et seq*. Plaintiff Regina Brisbane was employed by Defendant as a New Customer Activations Representative and regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 203 *et seq*.

3. Truckload Coverage Specialists were improperly classified as exempt employees pursuant to the FLSA. Truckload Coverage Specialists were not compensated on a salary basis pursuant to 29 C.F.R. § 541.602. Furthermore, Truckload Coverage Specialists' primary duty was not to perform exempt duties. Truckload Coverage Specialists regularly were suffered or permitted to work by Defendant in excess of forty hours in a workweek without being compensated at the applicable legal rates in violation of the FLSA. Defendant failed, and continues to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons

compensation for all straight time and overtime pay, and is in direct violation of the FLSA, 29 U.S.C. §201 *et seq*. Defendant's conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA or they showed reckless disregard with regards to whether such policies, practices and/or procedures were in violation of the FLSA.

4. New Customer Activations Representatives were suffered or permitted to work by Defendant hours in excess of forty hours in a workweek without receiving all straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*. New Customer Activations Representatives are not exempt from the right to receive minimum wages and overtime compensation pursuant to the FLSA. Defendant failed, and continues to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons compensation for all straight time and overtime pay, and is in direct violation of the FLSA, 29 U.S.C. §201 *et seq*. Defendant's conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA or they showed reckless disregard with regards to whether such policies, practices and/or procedures were in violation of the FLSA.

5. Defendant's practices are in direct violation of the FLSA and Plaintiffs seek compensation on behalf of themselves and all others similarly situated for work performed, straight time and overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Nancy Koehler currently resides at 9109 Park St., Lenexa, Kansas in Johnson County. During Plaintiff Nancy Koehler's employment she worked at Defendant's business location in Lenexa, Kansas. Plaintiff Nancy Koehler's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

7. Plaintiff Regina Brisbane currently resides at 612 N. 17th St., Kansas City, Kansas in Wyandotte County. During Plaintiff Regina Brisbane's employment she worked at Defendant's business location in Lenexa, Kansas. Plaintiff Regina Brisbane's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

8. Defendant Freightquote.com, Inc. is the largest online freight shipping broker in the nation. Defendant maintains a corporate office located at 16025 W 113th Street, Lenexa, KS 66219-5105. Defendant is a Delaware Company registered and in good standing to do business in the state of Kansas. Service of process may be achieved by serving Defendant Freightquote's registered agent, Corporation Services Company located at 200 SW 30th St., Topeka, KS 66611.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

10. The United States District Court for the District of Kansas has personal jurisdiction because Defendant is located and conducts business within this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas and the causes of action set forth herein have arisen and occurred in part in the District of Kansas.

Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the District of Kansas.

12. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

13. At all relevant times, Defendant has employed "employee[s]," including each of the putative representative action plaintiffs.

14. At all relevant times, Plaintiffs and other putative plaintiffs were engaged in commerce and/or worked for Defendant, which was an enterprise engaged in commerce.

15. At all times relevant herein, Defendant has had gross annual operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

16. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

17. Plaintiff Nancy Koehler and the putative class members held the position of Truckload Coverage Specialist or other positions with similar job duties and compensation structures.

18. Plaintiff Regina Brisbane and the putative class members held the position of New Customer Activations Representative or other positions with similar job duties and compensation structures.

19. As a Truckload Coverage Specialist, Plaintiff Nancy Koehler and the putative class members were improperly misclassified as exempt from the overtime requirements of the FLSA and regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 203 *et seq*.

20. As a New Customer Activations Representative, Plaintiff Regina Brisbane and the putative class members were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 203 *et seq*.

21. Plaintiffs and other similarly situated employees regularly performed work in excess of forty (40) hours per week without receiving straight time and overtime compensation pursuant to the FLSA.

22. The Defendant employs/employed other employees holding the positions of Truckload Coverage Specialist and New Customer Activations Representative or other positions in which such employees are improperly denied overtime compensation in violation of the FLSA in Defendants' locations throughout the United States, who, like the Plaintiffs, are/were required to perform the same or similar work in excess of forty (40) hours per week without receiving all straight time and overtime compensation due pursuant to the FLSA.

23. Plaintiffs and other Truckload Coverage Specialists, and others with similar job duties and compensation structures, and New Customer Activations Representatives, and others with similar job duties and compensation structures, were improperly compensated under the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

24. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

25. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty

hours in a work week.

26. All similarly situated Truckload Coverage Specialist employees, and others with similar job duties and compensation structures, working for Defendant are similarly situated in that they are all improperly misclassified as exempt under the FLSA and they regularly work in excess of forty hours in a workweek without receiving all straight time and overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty in a workweek.

27. All similarly situated New Customer Activations Representative employees, and others with similar job duties and compensation structures, working for Defendant are similarly situated in that they all regularly work in excess of forty hours in a workweek without receiving all straight time and overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty in a workweek.

28. All similarly situated Truckload Coverage Specialist employees, and others with similar job duties and compensation structures, are similarly situated in that they are all subject to Defendant's same compensation policies, plans and/or procedures of illegally misclassifying Truckload Coverage Specialists, and others with similar job duties and compensation structures, as exempt and denying them straight time and overtime compensation due under the FLSA.

29. All similarly situated New Customer Activations Representative employees, and others with similar job duties and compensation structures, are similarly situated in that they are all subject to Defendant's same compensation policies, plans and/or procedures of illegally requiring New Customer Activations Representatives, and others with similar job duties and compensation structures, to work more than forty hours a week without

paying them all straight time and overtime compensation due under the FLSA.

30. Plaintiff Nancy Koehler brings Count I – Truckload Coverage Specialists' FLSA Claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's policy, practice and/or procedure of improperly misclassifying Truckload Coverage Specialists, and others with similar job duties and compensation structures, as exempt and failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the FLSA for hours worked in excess of forty in a workweek. The class for the Truckload Coverage Specialists' FLSA Claim is defined as:

> All current and former Truckload Coverage Specialists, and others with similar job duties and compensation structures, of Defendant who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

31. Plaintiff Regina Brisbane brings Count II – New Customer Activations Representatives' FLSA Claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's policy, practice and/or procedure of failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the FLSA for hours worked in excess of forty in a workweek. The class for the New Customer Activations Representatives' FLSA Claim is defined as:

> All current and former New Customer Activations Representatives, and others with similar job duties and compensation structures, of Defendant who were denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

32. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

33. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of willfully failing and refusing to pay all straight time and overtime compensation for all hours worked in excess of forty hours in a workweek.

34. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

**COUNT I – TRUCKLOAD COVERAGE SPECIALISTS' FLSA CLAIM**

35. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

36. Plaintiff Nancy Koehler has been employed by the Defendant and worked as Truckload Coverage Specialists at Defendant's Lenexa, KS location.

37. Plaintiff Nancy Koehler and the putative Truckload Coverage Specialist class members regularly worked hours in excess of forty hours in a workweek without receiving compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

38. Plaintiff Nancy Koehler and other similarly situated Truckload Coverage Specialist employees regularly worked in excess of forty (40) hours per week.

39. Plaintiff Nancy Koehler and other similarly situated Truckload Coverage Specialist employees were not properly compensated for hours worked in excess of forty hours in a workweek, at the applicable straight time and overtime premiums that are due and owing.

40. Plaintiff Nancy Koehler and the putative Truckload Coverage Specialist class members,

and others with similar job duties and compensation structures, are not exempt from the right to receive overtime compensation under the FLSA.

41. Defendant illegally classified Plaintiff Nancy Koehler and the putative class members as exempt employees under the FLSA.

42. Defendant employs/employed other Truckload Coverage Specialist employees, and others with similar job duties and compensation structures, like Plaintiff Nancy Koehler, at other locations throughout the United States, who are/were misclassified as exempt from the FLSA's overtime requirements and forced to perform work in excess of forty hours in a workweek without receiving all straight time and overtime compensation for such hours in excess of forty in a workweek pursuant to the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative Truckload Coverage Specialist representative action plaintiffs."

43. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

44. All similarly situated Truckload Coverage Specialist employees, and others with similar job duties and compensation structures, are similarly situated in that they are all subject to Defendant's same compensation policies and plan that improperly classified Truckload Coverage Specialists, and others with similar job duties and compensation structures, as exempt from the FLSA's overtime requirement and forced such Truckload Coverage Specialists, and others with similar job duties and compensation structures, to work hours in excess of forty in a workweek without receiving all straight time and overtime

compensation due and owing under the FLSA.

45. Plaintiff Nancy Koehler brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated Truckload Coverage Specialist employees, and others with similar job duties and compensation structures, within three years from the commencement of this action who have not been compensated for all hours worked at the applicable wage rates, including overtime compensation at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

46. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Truckload Coverage Specialist Plaintiff Nancy Koehler because her claims are similar to the claims of the putative representative action Plaintiffs.

47. The names and addresses of the putative representative action Truckload Coverage Specialist Plaintiffs, and others with similar job duties and compensation structures, are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

48. Defendant failed to compensate Plaintiff Nancy Koehler and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

49. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. §255(a). Defendant's conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA or they showed reckless disregard with regards to whether such policies, practices and/or procedures were in violation of the FLSA.

50. Plaintiff Nancy Koehler on behalf of herself and all similarly situated Truckload Coverage Specialist employees, and others with similar job duties and compensation structures, of Defendant who compose the putative representative action Truckload Coverage Specialist Plaintiffs, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other relief as the Court deems just and proper.

51. Plaintiff Nancy Koehler, on behalf of herself and all similarly situated employees of Defendant who compose putative representative action Truckload Coverage Specialist Plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff Nancy Koehler, on behalf of herself and all proposed putative representative action Truckload Coverage Specialist Plaintiffs, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action Truckload Coverage Specialist Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing

individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Nancy Koehler as Representative Plaintiff of the putative representative action Truckload Coverage Specialist Plaintiffs, and others with similar job duties and compensation structures;

c. Designation of Plaintiffs' counsel, Osman & Smay LLP, as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff Nancy Koehler and the putative representative action Truckload Coverage Specialist Plaintiffs, and others with similar job duties and compensation structures, to be paid by Defendant;

f. An award of liquidated damages for straight time and overtime compensation due to Plaintiff Nancy Koehler and the putative representative action Truckload Coverage Specialist Plaintiffs to be paid by Defendant; and/or

g. Pre Judgment and Post-Judgment Interest as provided by law;

h. Plaintiffs' Costs and expenses of this action incurred herein including expert fees;

i. Reasonable attorneys' fees; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

**COUNT II – NEW CUSTOMER ACTIVATIONS REPRESENTATIVES' FLSA CLAIM**

52. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

53. Plaintiff Regina Brisbane has been employed by the Defendant and worked as a New Customer Activations Representative at Defendant's Lenexa, KS location.

54. Plaintiff Brisbane and the putative New Customer Activations Representative class

members regularly worked hours in excess of forty hours in a workweek without receiving compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

55. Plaintiff Regina Brisbane and other similarly situated New Customer Activations Representative employees, and others with similar job duties and compensation structures, regularly worked in excess of forty (40) hours per week.

56. Plaintiff Regina Brisbane and other similarly situated New Customer Activations Representative Employees, and others with similar job duties and compensation structures, were not properly compensated for this work at the applicable straight time and overtime premiums that are due and owing.

57. Plaintiff Regina Brisbane and the putative New Customer Activations Representative class members are not exempt from the right to receive overtime compensation under the FLSA.

58. Plaintiff Regina Brisbane and the putative New Customer Activations Representative class members were treated as non-exempt employees by Defendant under the FLSA.

59. Defendant employs/employed other New Customer Activations Representative employees, and others with similar job duties and compensation structures, like Plaintiff Regina Brisbane, at Defendant's locations within the United States. These employees are/were treated as non-exempt from the FLSA's overtime requirements and were forced to perform work in excess of forty hours in a workweek without receiving all straight time and overtime compensation for such hours in excess of forty in a workweek pursuant to the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative New Customer Activations Representative representative action

plaintiffs."

60. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

61. All similarly situated New Customer Activations Representative employees, and others with similar job duties and compensation structures, are similarly situated in that they are all subject to Defendant's same compensation policies, plan and/or practice of forcing New Customer Activations Representatives, and others with similar job duties and compensation structures, to work hours in excess of forty in a workweek without receiving all straight time and overtime compensation due and owing under the FLSA.

62. Plaintiff Regina Brisbane brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated New Customer Activations Representative employees, and others with similar job duties and compensation structures, within three years from the commencement of this action who have not been compensated for all hours worked at the applicable wage rates, including overtime compensation at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

63. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the New Customer Activations Representative Plaintiff Regina Brisbane because her claims are similar to the claims of the putative representative action Plaintiffs.

64. The names and addresses of the putative representative action New Customer Activations Representative Plaintiffs are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

65. Defendant failed to compensate Plaintiff Regina Brisbane and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

66. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendant's conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA or they showed reckless disregard with regards to whether such policies, practices and/or procedures were in violation of the FLSA.

67. Plaintiff Regina Brisbane, on behalf of herself and all similarly situated New Customer Activations Representative employees, and others with similar job duties and compensation structures, of Defendant who compose the putative representative action New Customer Activations Representative Plaintiffs, seek damages in the amount of all respective unpaid overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other relief as the Court deems just and proper.

68. Plaintiff Regina Brisbane, on behalf of herself and all similarly situated employees of Defendant who compose putative representative action New Customer Activations Representative plaintiffs, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff Regina Brisbane, on behalf of herself and all proposed putative representative action New Customer Activations Representative Plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action New Customer Activations Representative Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Regina Brisbane as Representative Plaintiff of the putative representative action New Customer Activations Representative plaintiffs, and others with similar job duties and compensation structures;

c. Designation of Plaintiffs' counsel, Osman & Smay LLP, as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff Regina Brisbane and the putative representative action New Customer Activations Representative Plaintiffs, to be paid by Defendant;

f. An award of liquidated damages for straight time and overtime compensation due to Plaintiff Regina Brisbane and the putative representative action New Customer

Activations Representative Plaintiffs to be paid by Defendant; and/or

g. Pre Judgment and Post-Judgment Interest as provided by law;

h. Plaintiff's Costs and expenses of this action incurred herein including expert fees;

i. Reasonable attorneys' fees; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

**Demand for Jury Trial**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which Plaintiffs and all members of the proposed representative action have a right to jury trial.

**Designation of Place of Trial**

Plaintiffs hereby designate the United States District Court for the District of Kansas at Kansas City, Kansas as their place of trial.

Respectfully submitted,

**OSMAN & SMAY LLP**

| | |
|---|---|
| */s Matthew E. Osman*____________ | */s Kathryn S. Rickley*____________ |
| Matthew E. Osman KS # 23563 | Kathryn S. Rickley KS # 23211 |
| 7930 Santa Fe Dr., Suite 100 | 7930 Santa Fe Dr., Suite 100 |
| Overland Park, KS 66204 | Overland Park, KS 66204 |
| mosman@workerwagerights.com | krickley@workerwagerights.com |
| Tel: (913) 667-9243 | Tel: (913) 667-9243 |
| Fax: (866) 470-9243 | Fax: (866) 470-9243 |

**ATTORNEYS FOR PLAINTIFFS**