IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NANCY KOEHLER, REGINA BRISBANE, JOHN SMITH & SCOTT MATNEY<br>On behalf of themselves<br>and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FREIGHTQUOTE.COM, INC<br><br>        Defendant. | Civ. No.: 12-2505-KHV/GLR |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Matthew E. Osman (KS 23563)
Kathryn S. Rickley (KS 23211)
OSMAN & SMAY LLP
7930 Santa Fe Dr., Ste 100
Overland Park, KS 66204
1-913-667-9243 (Phone)
1-866-470-9243 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

**COME NOW** the Plaintiffs, Nancy Koehler, Regina Brisbane, John Smith, and Scott Matney, on behalf of themselves and all others similarly situated, and hereby set forth the following *Memorandum in Support of Plaintiffs' Motion for Leave to File a Second Amended Complaint*.  Through their Motion, Plaintiffs request that the Court provide them leave to amend their complaint to include a claim pursuant to the Kansas Wage Payment Act ("KWPA"), § 44-312 *et seq.*; to further include a claim brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* and to add the Freightquote 401(k) Plan ("Plan") itself as a party to the matter.  For the reasons set forth in detail below, *Plaintiffs' Motion for Leave to File a Second Amended Complaint* should be granted.

## I. Introduction

Plaintiffs bring the instant motion in order to add existing claims that the Named Plaintiffs and the putative class members have that either Plaintiffs' were not aware existed or were uncertain could be properly maintained at the time at the time of the filing of Plaintiffs' *Amended Complaint* (Doc. 6) on November 16, 2012.  As explained below, with respect to the Plaintiffs' desired claim pursuant to the KWPA, Plaintiffs were uncertain whether the Fed. R. Civ. P. 23 requirements for maintaining a class action were present.  However since that time, Plaintiffs have learned from opt-in plaintiffs and through communications with Defendant that those elements should be handily met and therefore, Plaintiffs now seek leave to add their claim pursuant to the KWPA.  With respect to Plaintiffs' desired claim brought pursuant to the ERISA, Plaintiffs were not aware of the Plan terms and therefore did not know that unpaid overtime and straight time wages would be included within the definition of "compensation" as set forth in the

Plan document.  Under relevant case law, the Plan itself is the proper party against whom the ERISA claim for benefits must be brought.  For these reasons, and without any undue delay, bad faith or dilatory motive, these claims were not raised in the *Amended Complaint* (Doc. 6).  Further, due to the early stages of the instant litigation, Defendant will not suffer undue burden as a result of the requested amendments.  For these reasons and those set forth below, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be granted as justice requires Plaintiffs to be freely given leave to amend their complaint to add valid claims in the absence of undue delay or bad faith.

II.     **Argument**

This Court must apply a liberal standard in granting Plaintiffs the right to amend their Complaint to add a KWPA claim and an ERISA claim.  The Federal Rules of Civil Procedure provide that courts "should freely give leave [to amend a pleading] when justice so requires."  **Fed. R. Civ. P. 15(a)(2)**.  Further, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although the deadline for parties to amend the pleadings was set as March 14, 2013 (*See Scheduling Order* (Doc. #39), Plaintiffs have now learned information that gives rise to additional claims.  These claims will have no effect on the currently pending *Motion for Condition Certification* (Doc. 17) filed by the Plaintiffs on January 7, 2013 and given the fact that Defendant has not yet propounded discovery upon the Plaintiffs, there is no reason that Defendant would be

3

prejudiced by such an amendment. Defendant has been consulted regarding the requested amendments and has informed Plaintiffs that they will oppose Plaintiffs' request for leave to amend. Plaintiffs seek this amendment in the interests of justice to pursue all claims available to Plaintiffs and the putative class members.

### a. KWPA claim

Plaintiffs seek leave to add a claim for violation of the KWPA. The KWPA gives employees the right to receive all "wages due" and concerns how and when those wages are paid. *See* **KAN. STAT. ANN. § 44-314**. In the event that an employer willfully fails to pay an employee his or her wages, the KWPA provides that the employer is liable for both the wages due and a penalty in an amount up to 100% of the unpaid wages. *See* **KAN. STAT. ANN. § 44-315(b)**. Rather than providing substantive rights, the KWPA merely provides a mechanism for recovering wages due. ***Garcia v. Tyson Foods, Inc.***, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011). In this context, "the FLSA is the legal basis for plaintiffs' KWPA claims in this case." *See id.* "Thus, to the extent it is determined at trial that [Freightquote] is required under the FLSA to compensate its employees for certain activities or time periods for which [Freightquote] has not been compensating employees, then the KWPA class in this case may recover those amounts under the KWPA. *See id.* Upon the filing of the original ***Complaint*** (Doc. 1) and the ***Amended Complaint*** (Doc. 6), Plaintiffs were uncertain that the burden under **FED. R. CIV. P. 23** could be met. However, since that time, Plaintiffs have learned several facts through discussions with Opt-in Plaintiffs and through review of the information provided by Defendant in connection with their Rule 26 disclosures that causes Plaintiffs to believe that recovery under the KWPA is appropriate.

4

### b. *ERISA Claim for Benefits*

Plaintiffs seek leave to add a claim for benefits under ERISA § 502(a)(1)(B).  **29 U.S.C. § 1132(a)(1)(B)**.  ERISA § 404(a)(1)(D) requires that the Freightquote 401(k) Plan be administered in accordance with its terms. **29 U.S.C. § 1104(a)(1)(D)**. Upon the filing of the original *Complaint* (Doc. 1) and the *Amended Complaint* (Doc. 6), Plaintiffs were uncertain if the Plan terms would include overtime pay in the definition of compensation which is used to determine the amount of contributions made to the Plan by the Defendant.  However, since that time, Plaintiffs have learned, through a review of documents provided in response to a participant request under ERISA § 502(c)(1)(B), that the Plan's definition of compensation includes overtime pay causing Plaintiffs to believe that recovery under ERISA is appropriate.  **ERISA § 1132(c)(1)(B)**.

To the extent it is determined at trial that Freightquote is required under the FLSA to compensate its employees for certain activities or time periods for which Freightquote has not been compensating employees, the Named Plaintiffs and the putative class members who were or are participants in the Plan may recover benefits due and owing under the Plan.

Plaintiffs seek leave to add the Plan itself as a party to this action.  Under ERISA, the Plan is an entity that may sue and be sued.  **29 U.S.C. 1132(d)(1)**.  In fact, case law within this Circuit suggests that the Plan may be the only proper party in a claim for benefits under ERISA § 502(a)(1)(B).  *Meyer v. UNUM Life Ins. Co. of Am.*, No. 12-1134-KHV, 2013 WL 1411776 (D. Kan. Apr. 8, 2013) (citing *Miller v. Pension Plan for Employees of Coastal Corp.*, 780 F. Supp. 768, 773 (D. Kan. 1991) (employer not proper party in pension benefits claim because ERISA only permits suit against plan)).

Defendant both sponsors and administers the Plan.  Thus, even though the Plan is a separate entity, the Plan and Defendant are virtually the same for purposes of this action and the addition of the Plan will not cause prejudice.

Given the early stage in this matter, with no discovery yet having been conducted by the Defendant, Plaintiffs believe that justice requires that this Court grant the instant motion and permit Plaintiff to file the *Second Amended Complaint* as attached to the instant memorandum.  *Second Amended Complaint* (Ex. A).

### III. Conclusion

For the reasons set forth in detail above, Plaintiffs have met their burden to show that justice requires the Court to grant leave to amend their complaint pursuant to FED. R. CIV. P. 15(a).  Therefore, Plaintiffs respectfully request that *Plaintiffs' Motion for Leave to File a Second Amended Complaint* filed contemporaneously hereto should be granted.

Dated:  April 12, 2013

Respectfully submitted,

**OSMAN & SMAY LLP**

| *s/ Matthew E. Osman*_____ | *s/ Kathryn S. Rickley*_____ |
|---|---|
| Matthew E. Osman    KS # 23563 | Kathryn S. Rickley    KS # 23211 |
| 7930 Santa Fe Dr., Suite 100 | 7930 Santa Fe Dr., Suite 100 |
| Overland Park, KS 66204 | Overland Park, KS 66204 |
| mosman@workerwagerights.com | krickley@workerwagerights.com |
| Tel: (913) 667-9243 | Tel: (913) 667-9243 |
| Fax: (866) 470-9243 | Fax: (866) 470-9243 |

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2013, Plaintiff served the above and foregoing in accordance with the Federal Rules of Civil Procedure and/or the Local Rules upon the following parties via CM/ECF:

Paul F. Pautler, Jr.
Julianne P. Story
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
paul.pautler@huschblackwell.com
julianne.story@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

                                                        s/Matthew Osman
                                                Matthew Osman KS #23563
                                                Osman & Smay LLP
                                                7930 Santa Fe Dr., Suite 100
                                                Overland Park, KS 66204
                                                913-667-9243 (phone)
                                                866-470-9243 (fax)
                                                mosman@workerwagerights.com