# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NANCY KOEHLER, et. al, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FREIGHTQUOTE.COM, INC., )<br>)<br>Defendant. )<br>) | Case No. 12-2505-KHV-GLR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF 42). Defendant opposes the motion (ECF 53). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Plaintiffs' motion.

## I. Background

Plaintiffs filed the original Complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), on August 3, 2012. The Amended Complaint, naming additional Plaintiffs, was filed on November 16, 2012. On March 29, 2013, the Court entered a Scheduling Order (ECF 39) adopting the parties' proposed deadline of March 14, 2013, to add parties and/or amend the pleadings. On April 12, 2013, Plaintiffs filed the instant motion, seeking leave to amend their complaint to add claims against the Defendant and to add a party. Specifically, Plaintiffs seek to add a claim pursuant to the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq.*, to further include a claim brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*; and to add the Freightquote 401(k) Plan ("Plan") as a party.

## II.  Standards

While Fed. R. Civ. P. 15 governs amendments to pleadings generally, when the deadline for amending pleadings has passed Rule 16(b)(4) is also potentially implicated.[1]  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16 only allows such amendments for "good cause," an arguably more stringent standard than the standards for amending a pleading under Rule 15.  Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a), when deciding a motion to amend that is filed after the deadline set by the scheduling order.  Under this approach the Court must first determine whether Plaintiff has shown good cause within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.  If the Court determines that Plaintiff has established good cause, then the Court will proceed to determine if the Rule 15(a) standard for amendment has been satisfied.[2]

To establish good cause under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[3] Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[4]  Lack of prejudice to the nonmovant, furthermore, does not show "good cause."[5]  The good cause determination is within the district court's discretion, and will be reviewed only for

---

[1] Fed. R. Civ. P. 16(b)(4); *see Fifth Third Bank v. Canyon Crest Ins. Servs., Inc.*, No. 09–2440–CM, 2011 WL 7046019 at *1 (D. Kan. Dec. 1, 2011).

[2] *Fifth Third*, 2011 WL 7046019 at *1 (citation omitted).

[3] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, *3 (D. Kan. Oct. 12, 2010) (citations omitted).

[4] *Id.* (citations omitted).

[5] *Id.* (citations omitted).

abuse of discretion.[6]

If the movant establishes good cause, then the Court will proceed to determine if the Rule 15(a) standard for amendment has been satisfied. Fed. R. Civ. P. 15 governs amendments to pleadings generally. Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[7] Courts must "freely give leave when justice so requires."[8] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9]

"Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[10] Courts will typically only find prejudice when an amendment unfairly affects non-movants "'in terms of preparing their [response] to the amendment.'"[11] "However, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice."[12]

---

[6]*Id.* (citation omitted).

[7]Fed. R. Civ. P. 15(a)(2).

[8]*Id.*

[9]*Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

[10]*Bylin*, 568 F.3d at 1229 (citing *United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 5 L.Ed.2d 8 (1960)).

[11]*Bylin*, 568 F.3d at 1229 (citing *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir.2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)).

[12]*Bylin*, 568 F.3d at 1230–31 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir.1993) (stating that "time, effort and money . . . expended in litigating [a] matter" do not invariably amount to "substantial prejudice"); *Granus v. N. Am. Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir. 1987) (a plaintiff's showing of

**III. Discussion**

  **A. KWPA**

Plaintiffs argue they were uncertain whether the requirements of Fed. R. Civ. P. 23 for maintaining a class action were present when they filed their Amended Complaint (ECF 6). Since then they have learned from opt-in plaintiffs and through communications with Defendant that those elements should be met and for that reason Plaintiffs seek leave to add their claim under the KWPA.

The KWPA gives employees the right to receive all "wages due" and concerns how and when those wages are paid.[13] Rather than providing substantive rights, the KWPA provides a mechanism for recovering wages due.[14] Plaintiff argues that the FLSA is the legal basis for Plaintiffs' claims and to the extent Defendant is required under the FLSA to compensate its employees for certain activities or time periods for which Defendant has not been compensating employees, then the KWPA class in this case may recover those amounts under the KWPA.[15]

Defendant acknowledges that Plaintiffs' KWPA claims are based on facts identical to those allegedly giving rise to Plaintiffs' FLSA claims.[16] Defendant agrees that the KWPA does not provide additional substantive rights, but instead merely provides another mechanism for recovering the same wages. Defendant argues that all the KWPA amendment would accomplish

---

prejudice based solely on his expenditure of "much time and money in pretrial discovery . . . [is] no reason for the district court to have denied the [defendant's] amendment" to its answer)).

[13] *See* K.S.A. § 44-314.

[14] *Garcia v. Tyson Foods, Inc.,* 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011).

[15] *See id.*

[16] ECF 53, at 3.

is to require Defendant to defend against another "procedural mechanism," thus increasing defense costs and burden.

**B. ERISA**

Plaintiffs argue that when they filed their amended complaint, they were not aware of the Plan terms and therefore were uncertain if the Plan terms would include overtime pay in the definition of compensation which is used to determine the amount of contributions made to the Plan by Defendant. Plaintiffs have now learned, through a review of documents provided in response to a participant request under ERISA § 502(c)(1)(B), that the Plan's definition of compensation includes overtime pay. Consequently, Plaintiffs contend that recovery under ERISA is appropriate.

Defendant argues that Plaintiffs could have obtained the summary plan description ("SPD") on the benefits website that can be accessed anytime by active employees; through the website of the Plan's third party administrator, American Funds, by former employees; and Defendant has benefits managers and a human resource manager who are available to respond to questions about the terms of the Plan.

**C. Plan as Party**

The Plan itself is the proper party against whom the ERISA claim for benefits must be brought. Under ERISA, the Plan is an entity that may sue and be sued.[17] Furthermore, case law suggests that the Plan may be the only proper party in a claim for benefits under ERISA

---

[17] 29 U.S.C. § 1132(d)(1).

§ 502(a)(1)(B).[18] Plaintiff argues that because Defendant both sponsors and administers the Plan, the Plan and Defendant are the same for purposes of this action and the addition of the Plan will not cause prejudice.

**D. Conclusion**

Plaintiffs have established "good cause" under Rule 16(b)(4) to allow their amendment out of time. "The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[19] Plaintiffs did not become aware of the factual basis for their additional claims until later. And the Court is not convinced that Plaintiffs should inexcusably have been aware of the Plan terms or their ability to meet the requirements of Rule 23 at some earlier date. Defendant has not presented any evidence of bad faith by Plaintiffs in filing their motion to amend.

The Court likewise finds that the motion should not be denied on the basis of undue delay or untimeliness under the more liberal standard of Rule 15(a)(2). The Court does not find that Defendant will be unduly prejudiced by the amendment. Defendants have the burden as the party opposing the amendment to show undue prejudice within the meaning of Rule 15.[20] For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[21] "While any

---

[18]*Meyer v. UNUM Life Ins. Co. of Am.*, No. 12-1134-KHV, 2013 WL 1411776 at *4 (D. Kan. Apr. 8, 2013) (citing *Miller v. Pension Plan for Employees of Coastal Corp.*, 780 F. Supp. 768, 773 (D. Kan. 1991) (employer not proper party in pension benefits claim because ERISA only permits suit against plan)).

[19]*Livingston v. Sodexo, Inc. And Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[20]*Carefusion*, 2010 WL 4004874 at *4 (citations omitted).

[21]*Id.* (citations omitted).

amendment invariably causes some 'practical prejudice,' undue prejudice means that the amendment 'would work an injustice to the defendants.'"[22] Undue prejudice is often found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[23]

Plaintiffs' proposed amendment does not raise significantly different factual issues. The proposed claims arise out of sufficiently similar events and facts so as to allow their addition to this case without injustice to Defendant. The new claims will have no effect on the currently pending Motion to Certify Class Conditionally (ECF 17) filed by the Plaintiffs on January 7, 2013, and the deadline for early discovery is set for August 31, 2013. Motions for class certification are due by September 30, 2013. The dispositive motion deadline is October 30, 2013 or sixty days after a ruling on ECF 17, whichever is later. Given these deadlines, Defendant should incur no prejudice by the amendment. If necessary, he Court can entertain motions to extend deadlines, if necessary, to accommodate any unexpected delay caused by the amended complaint. "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[24] Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[25]

Defendant argues that Plaintiffs' new ERISA claim is futile because the proposed claim is

---

[22]*Id.* (citation omitted).

[23]*Id.* (citation omitted)

[24]*Collins v. Wal–Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[25]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

unripe and Plaintiffs have failed to exhaust their administrative remedies. Defendant argues that Plaintiffs' entitlement to additional benefits under their ERISA claim cannot be determined until there is a ruling on the FLSA claim. Defendant argues that the ERISA claim is not ripe because there has not been a claim for benefits, much less a denial. Defendant further alleges that the Plan Administrator has made no decision and, consequently, there is nothing for the Court to review.

Generally a district court may waive exhaustion under two circumstances: 1) when the administrative process would be futile, or 2) when the remedy in the benefit plan is inadequate.[26] Plaintiffs allege that it would have been futile to pursue administrative remedies, because filing an ERISA claim for benefits based on an allegation (entitlement to additional benefits) that Defendant adamantly denies would be "clearly useless." Plaintiffs also cite support for finding that their ERISA claims are not unripe.[27]

A motion to amend must be denied as futile if the complaint, as amended, would be subject to dismissal for any reason, including that the motion would not survive a motion to dismiss.[28] Dismissal is proper when the face of the complaint indicates the existence of an affirmative defense such as an applicable statute of limitations.[29] Defendant, as the party

---

[26] *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998) (citations omitted).

[27] *See Stickle v. SCI Western Market Support Ctr., LP*, No. 08-083-PHX-MHM, 2008 WL 4446539, at *16–17 (D. Ariz. Sept. 30, 2008) (rejecting defendants' argument that Plaintiffs' ERISA Claims are unripe because they are derivative of, and entirely dependent upon, Plaintiffs' FLSA claim, which Plaintiffs have yet to establish, because the only delay in the Court's ability to consider Plaintiffs' ERISA claims is that it must first rule on Plaintiffs' FLSA claim); *Rosenburg v. Int'l Bus. Machines Corp.*, No. 06-0430-PJH, 2006 WL 1627108, at *9 (N.D. Cal. June 12, 2006) (holing that "[s]imilar to claims for punitive damages, the ERISA claims may be *dependent* on FLSA claims, but they are not unripe.").

[28] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[29] *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

asserting futility of amendment, has the burden of establishing futility.[30] Here, Defendant is not alleging that the amended complaint would be subject to dismissal, but rather that one of the new claims (ERISA) is subject to dismissal and therefore futile. The Tenth Circuit has recognized that futility of amendment applies when the "complaint, as amended, would be subject to dismissal."[31] Because Defendant has not alleged futility of amendment with respect to the KWPA claim, "Defendant has essentially conceded that the proposed amended complaint does not simply add new claims that are subject to dismissal. For that reason alone, the Court could find that Defendant has not carried its burden to show that the complaint, as amended, is subject to dismissal."[32]

Under these circumstances, the Court may properly exercise its discretion to allow the amendment when the party opposing it will have an opportunity to challenge the sufficiency of newly added claims through a motion to dismiss.[33] Upon the filing of the amended complaint, Defendant would have an opportunity under Fed. R. Civ. P. 12(b) to seek dismissal of any claims they now allege to be futile. Allowing the filing of an amended complaint in these circumstances comports with the liberal amendment policy of Rule 15(a) without creating prejudice against the opposing party. At this early stage of the litigation the Court believes the better course is to allow the amended complaint and address any contention of futility upon a dispositive motion.

---

[30]*Carefusion*, 2010 WL 4004874 at *5 (citations omitted).

[31]*Tommey v. Computer Sci. Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2, n.27 (D. Kan. Feb. 28, 2012) (collecting cases).

[32]*Id*.

[33]*See id.*

9

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF 42) is GRANTED.  Plaintiffs shall electronically file their Second Amended Complaint (ECF 43-1) forthwith.

Dated: July 26, 2013

S/Gerald L. Rushfelt
Gerald L. Rushfelt
UNITED STATES MAGISTRATE JUDGE