IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NANCY KOEHLER, et. al,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No. 12-2505-KHV-GLR<br>) |
| **FREIGHTQUOTE.COM, INC.,** | )<br>) |
| **Defendant.** | )<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Sanctions and Protective Order (ECF 44). Defendant opposes the motion (ECF 54). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Plaintiffs' motion in part and denies it in part.

**I.     Background**

Plaintiffs bring this collective action to recover unpaid wages and overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* Plaintiffs have also added claims under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq.*; and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*. This is a "hybrid" action, where both "opt-out" and "opt-in" representative claims are asserted. The KWPA and ERISA claims are brought as traditional class actions under Fed. R. Civ. P. 23, where class members are given the opportunity to opt out of the case. Pursuant to 29 U.S.C. § 216(b), FLSA class members opt into the case after it is conditionally certified as a

collective action.[1] Plaintiffs, and the putative class members, are current and former employees of Defendant Freightquote.com, Inc. Plaintiffs allege that they were mis-classified as exempt and denied compensation for hours worked in excess of forty hours in a workweek.

Plaintiffs filed the current motion for sanctions, alleging that Defendant has had improper communications with potential class members. Plaintiffs ask for the following relief: 1) Requiring Defendant to issue a corrective notice accurately describing the facts of the lawsuit and the legal issues; informing recipients that they may be entitled to become a part of the lawsuit; and informing the putative class members that attending meetings regarding the lawsuit with Defendant and/or Defense counsel, completing any questionnaires offered by Defendant, and/or submitting declarations to Defendant may be adverse to their interests; 2) Requiring Defendant to issue a second corrective notice informing putative class members that John Smith was not terminated as a result of his participation in this action and that employees will not be retaliated against for joining the class; 3) Prohibiting Defendant and their Counsel from further communications with putative class members with regard to the issues in this litigation without first consulting Plaintiffs' counsel on this matter or without permitting Plaintiffs' counsel's attendance; 4) Striking all questionnaires filled out as a result of the meetings held by the Defendant; 5) Requiring the Defendant to pay Plaintiffs' reasonable attorneys' fees and costs associated with the filing of the instant motion; 6) Tolling the statute of limitations on this action for all putative class members three years going back from February 4, 2013; and 7) In the event that the instant motion is not granted, Plaintiffs request an Order permitting limited discovery relating to the communications at issue in this motion.

---

[1] ECF. 76 at 2.

The Court finds that Plaintiffs' request in paragraph 2 (requiring Defendant to issue a corrective notice regarding John Smith's termination) should be granted. The remainder of Plaintiffs' motion is denied.

## II. Discussion

Rule 23(d) of the Federal Rules of Civil Procedure provides that "[i]n conducting an action under this rule, the court may issue orders that: . . . impose conditions on the representative parties or on intervenors; . . . or . . . deal with similar procedural matters."[2] Although class actions serve an important function in our civil justice system, they present "opportunities for abuse as well as problems for courts and counsel in the management of cases."[3] In *Gulf Oil*, the Supreme Court held that:

> Because of the potential for abuse, a district court has both the duty
> and the broad authority to exercise control over a class action and
> to enter appropriate orders governing the conduct of counsel and
> parties. But this discretion is not unlimited, and indeed is bounded
> by the relevant provisions of the Federal Rules.[4]

The Court then set forth the test for determining when an order limiting communications between parties and potential class members is appropriate:

> Because of these potential problems, an order limiting communications between
> parties and potential class members should be based on a clear record and specific
> findings that reflect a weighing of the need for a limitation and the potential
> interference with the rights of the parties. Only such a determination can ensure
> that the court is furthering, rather than hindering, the policies embodied in the
> Federal Rules of Civil Procedure, especially Rule 23. In addition, such a
> weighing—identifying the potential abuses being addressed—should result in a
> carefully drawn order that limits speech as little as possible, consistent with the

---

[2]Fed. R. Civ. P. 23(d)(1)(C) and (E).

[3]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–100 (1981).

[4]*Id.* at 100 (citation omitted).

3

rights of the parties under the circumstances.[5]

Plaintiffs allege that Defendant's communications with putative class members were misleading. Plaintiffs allege that Defendant mistakenly referred to the action as a "class action" as opposed to a "collective action." Plaintiffs then assume that this could have led putative class members to believe that they did not need to take action to join the collective action.[6] Even assuming that putative class members could appreciate such a distinction, the Court notes that Plaintiffs have now amended their complaint to add class action claims. In any event, the Court does not find any misconduct on the part of Defendant for generically referring to the action as a "class action," nor does the Court find that Defendant lulled putative class members into inaction. Therefore, the Court does not find that equitable tolling of the statute of limitations is appropriate in this case.

If Defendant were to assert a defense of limitations, moreover, any aggrieved Plaintiff could still oppose it by asserting he or she had been misled by the conduct of defense counsel. That would more appropriately address any potential defense of limitations, than would a premature ruling that somehow potential parties are already entitled to a tolling of the defense.

Plaintiffs also allege that Defendant's notice mis-characterized the law regarding the claimed exemption in this matter. Plaintiffs allege that the notice fails to mention that the primary job duty of the administrative employee must be "directly related to the management or general business operations," rather than to "further the company's business" and by failing to

---

[5]*Id.* at 101–02 (footnotes omitted).

[6]The Court notes that a Named Plaintiff has filed an affidavit stating that "many co-workers told me that they were glad they didn't have to do anything to participate in the lawsuit because it was a 'class action.'" (ECF 45-2).

4

mention that relevant discretion and independent judgment must be exercised "with respect to matters of significance." Plaintiffs allege that Defendant deliberately misconstrued the exemption in an attempt to cause the putative class members to believe that the litigation involves claims without merit and for which participation would be futile. Plaintiffs also allege that Defendant's notice suggests that class members would have less freedom and greater burdens if Plaintiffs' legal position—classifying them as hourly workers— were correct.

The Court does not find that Defendant's communications were misleading, coercive or an attempt to undermine the collective action. Defendant held voluntary meetings with small groups of employees to enable them to learn about the lawsuit and to give them the opportunity to ask questions. Defendant asserts that this was done in response to becoming aware that Plaintiffs and/or their attorneys were contacting current employees during work hours, discussing the lawsuit with them, and encouraging them to join and support their claims. Current employees were reporting that they were receiving unsolicited phone calls and texts from Plaintiffs and others regarding the lawsuit and information was provided on the internet about the lawsuit. At the informational meetings, defense counsel provided the names of the named plaintiffs and their counsel, when asked. Only a minority of invited employees elected to attend the informational meetings, indicating generally that they understood the voluntary nature of their participation. Since the voluntary meetings, three individuals have opted into the lawsuit. In addition, the employees who attended the voluntary meetings were informed of the "primary duty" requirement.[7] Furthermore, Defendant asserts that its reference to use of a time clock was meant as an example of how non-exempt employees may be distinguished from exempt employees. In

---

[7] *See* ECF 54-3, ¶ 6.

the event that the motion by Plaintiffs for conditional certification is granted, these employees would probably receive formal notice, as approved by the Court, of their rights.

On November 16, 2012, Plaintiffs filed their Amended Complaint (ECF 6). It names John Smith as a representative plaintiff for the Account Representatives subclass. On February 4, 2013, Defendant terminated its employment of Mr. Smith. Plaintiffs argue that, due to his popularity within Defendant's organization, the termination of Mr. Smith is likely to create a chilling effect on participation in this litigation by putative class members. Although Plaintiffs set forth extensive allegations regarding his termination, there is no claim of retaliation pending before the Court. The Court finds that any possible confusion with regard to the termination of John Smith can be appropriately addressed with a corrective notice as set forth below.

Plaintiffs also ask the Court to strike all questionnaires signed by putative class members as a result of the meetings with defense counsel. The Court finds this request is premature. In their briefing the parties have described and referred to the questionnaires. But the Court does not find that any party has yet exhibited any of the questionnaires as evidence, whether upon the instant or some other motion or for trial. The parties may address their admissibility if and when any of them offers a questionnaire in this litigation.

The Court agrees with Plaintiffs that Defendant should provide to its employees a corrective notice as to some of the matters they have raised. Such notice should provide some clarification about this litigation and address possible misconceptions. The Court does not find the conduct of Defendant or its counsel to be egregious, however, or to justify sanctions of attorneys' fees and costs, as Plaintiffs request.

## IV. Conclusion

The Court finds that the instant motion should be granted with respect to Plaintiffs' request for a corrective notice about the termination of employment of John Smith. The notice shall also clarify the character of the law suit both as a collective action and otherwise as a class action. It will address the use of the questionnaires. The Court directs Defendant forthwith to post and display the corrective notice on its intranet and in all other locations where its previous notice(s) were posted or displayed to its employees. The corrective notice shall remain in place unless and until one of the following events occurs: (1) The Court orders discontinuance of the notice; (2) All parties agree to its removal; (3) Termination of this litigation; or (4) All parties agree to the substitution of a different notice. The Court otherwise denies the motion.

Following is the corrective notice that Defendant shall post and display:

Notice to Employees

Re: Nancy Koehler et al, Plaintiffs v. Freightquote.Com, Inc. No. 12-2505-KHV-GLR in the United State District Court for the District of Kansas

With the help of the attorneys for the parties Plaintiff and the attorneys for Defendant Freightquote, the Court has approved the following information for their benefit and for the benefit of any employee(s) who may have an interest in the above-captioned law suit:

1. By their amended complaint Plaintiffs have asked the Court to proceed with this case in part as a form of class action known as a collective action. They have thus sued Defendant Freightquote on behalf of themselves and any other employee(s) who may choose to join the case as additional Plaintiff(s). In order to receive any benefit upon any judgment in favor of the Plaintiffs in a collective action, if the Court were to enter such a judgment, an employee must file a timely consent to join as a Plaintiff in the case.

2. By their amended complaint the Plaintiffs have also asked the Court to proceed upon some of their claims simply as a class action and not as a collective action. As to those claims, any qualified employee who has not asked to be removed from the class, would be eligible to receive a benefit from any judgment in favor of the Plaintiffs, if the Court were to enter such a judgment.

3. Defendant Freightquote will not retaliate against any employee because he or she has consented and joined as a Plaintiff in the case or joins it in the future.  Every employee is free to make his or her own decision in that regard, without any retaliation for doing so.  This does not prevent the Defendant Freightquote from terminating or taking other disciplinary action against an employee for other reason(s), however, unrelated to the law suit.  The termination of one of the Plaintiffs, John Smith, was for reasons relating solely to his employment and was not in retaliation for his joining the case as a Plaintiff.

4. Some employees have provided responses to questionnaires submitted to them by an attorney for Defendant Freightquote at an earlier meeting.  No party has yet made any request to the Court to admit into evidence any such questionnaire or any response to it.  If any party makes such a request, the Court will consider it and make an appropriate ruling either to grant or deny it.  No employee has a duty, however, to answer any such questionnaire.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Sanctions and Protective Order (ECF 44) is **GRANTED IN PART and DENIED IN PART.**

Dated: August 22, 2013, at Kansas City, Kansas.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
UNITED STATES MAGISTRATE JUDGE