IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KOEHLER, ET AL.,**

      **Plaintiffs,**

**v.**

**FREIGHTQUOTE.COM, INC., ET AL.,**

      **Defendants.**

Case No. 12-CV-02505-DDC-GLR

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Dismiss Count VII of Plaintiffs' Second Amended Complaint (Doc. 83) filed by Defendants Freightquote.com, Inc. and the Freightquote 401(k) Plan. For the reasons explained below, the Court denies Defendants' motion without prejudice.

**I.  Background Facts**

A putative class of Freightquote.com employees filed this lawsuit against their employer, asserting various claims under the Fair Labor Standards Act ("FLSA") and the Kansas Wage Protection Act ("KWPA"). Specifically, Plaintiffs allege that Freightquote.com owes them unpaid wages because it improperly categorized Plaintiffs as exempt from certain FLSA and KWPA requirements.

Plaintiffs filed their Second Amended Complaint on July 29, 2013. In Count VII of the Second Amended Complaint, Plaintiffs assert a claim for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") against a newly-added defendant, the Freightquote 401(k) Plan (the "Plan"). All Plaintiffs participate or participated in the Plan, a 401(k) retirement plan that Freightquote.com offers to its employees. Freightquote.com makes contributions to the

1

Plan in an amount based on a percentage of the employee-participants' compensation. Essentially, Plaintiffs assert that the unpaid wages Defendants purportedly owe them under Plaintiffs' FLSA and KWPA claims should have been included in the Plan's contribution calculation. By failing to do so, Defendants have undercompensated Plaintiffs under the Plan, in violation of ERISA.

On August 16, 2013, Defendants filed a Motion to Dismiss Count VII. Defendants argue that the Court should dismiss Count VII of Plaintiffs' Second Amended Complaint for two reasons: (1) the claim is not ripe and (2) Plaintiffs have not exhausted their administrative remedies. In addition, Defendants argue that the Court should strike Plaintiffs' request for interest, attorneys' fees, costs and expenses in Count VII.

## II. Legal Standard

Defendants argue that Plaintiffs have failed to state a claim upon which relief may be granted. In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. *Id.* at 679–80; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. *See id.; Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). A plaintiff bears the burden of framing its complaint with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.

*Twombly,* 550 U.S. at 555-56.  A plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678.  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not do.  *Id*.

**III.    Argument**

   **A. Plaintiffs' ERISA Claim Is Ripe**

Defendants argue that Plaintiffs' ERISA claim in Count VII is unripe because liability depends entirely on Plaintiffs' FLSA and KWPA claims, which Plaintiffs have yet to establish. There are generally two prongs to a ripeness inquiry:  (1) the fitness of the issue for judicial decision and (2) the hardship to the parties of withholding court consideration.  *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967).  The "basic rationale" of the Article III ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements…." *Id.* at 148.

In Count VII, Plaintiffs seek to recover benefits due under Defendants' employee retirement Plan.  Freightquote.com makes contributions to the Plan in an amount based on a percentage of each participating employee's compensation.  Counts I through VI of the Second Amended Complaint allege that Defendants owe Plaintiffs unpaid wages for violating the FLSA and KWPA.  Plaintiffs argue that those unpaid wages should have been included in the Plan contribution calculation and that Defendants' failure to do so undercompensates the Plaintiffs under the Plan, in violation of ERISA.

Thus, Defendants face liability under Count VII only if Plaintiffs establish a right to recover on at least one of their unpaid wage claims.  Contrary to Defendants' argument, however,

3

this fact does not render Count VII unripe. Indeed, courts generally hold that ERISA claims are ripe and fit for review, even when dependent on FLSA claims.[1] *See*, *e.g.*, *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. 08-083, 2008 WL 4446539 at *16 (D. Ariz. Sept. 30, 2008) (rejecting defendants' argument that the plaintiffs' "ERISA claims are unripe because they are derivative of, and entirely dependent upon, [the plaintiffs'] FLSA claim, which [the plaintiffs] have yet to establish," because "the only delay in the Court's ability to consider [the plaintiffs'] ERISA claims is that it must first rule on [the plaintiffs'] FLSA claim."); *Rosenburg v. Int'l Bus. Mach. Corp.*, No. 06-0430, 2006 WL 1627108, at *9 (N.D. Cal. June 12, 2006) ("[T]he fact that plaintiffs will need to establish the merits of their FLSA claims does not necessarily render their ERISA claims unripe. Similar to claims for punitive damages, the ERISA claims may be *dependent* on FLSA claims, but they are not unripe.").

The Court agrees with the district courts in other jurisdictions that have ruled on this specific issue. Applying the ripeness analysis to the facts at hand, the Court does not risk involving itself in an "abstract disagreement" because Plaintiffs' ERISA claims are based on damages alleged to have occurred already and not on speculation of a future injury. *See Abbott Labs.*, 387 U.S. at 148. That the claim depends on Plaintiffs' FLSA and KWPA claims does not render it unripe. As a result, Count VII is fit for judicial review.

The parties agree, however, that there is nothing to be gained by litigating Count VII until some resolution of the underlying wage claims occurs. As a result, the Court will hold Count VII in abeyance and defer any further activity on the claim—including class certification, dis-

---

[1] Defendants have cited no case that supports their argument that Plaintiffs' ERISA claim is unripe until the Court decides the unpaid wage claims. On page 2 of their Memorandum in Support of Motion to Dismiss (Doc. 84), Defendants quote *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990), but that case discusses ripeness in the context of exhaustion of remedies, not derivative claims.

covery, and summary judgment—pending a ruling on the merits of Plaintiffs' unpaid wage claims.

### B. Plaintiffs Are Not Required To Exhaust Their Administrative Remedies

Defendants also assert that the Court should dismiss Count VII because Plaintiffs did not exhaust the administrative remedies offered by the Plan.

As participants in the Plan, Plaintiffs are entitled to bring a civil action to recover unpaid benefits due under the Plan. 29 U.S.C. § 1132(a)(1)(B). Although ERISA itself contains no exhaustion requirement, courts require that claimants exhaust administrative remedies, as provided by the sponsoring company or plan, before seeking judicial relief. *E.g.*, *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990). Under 29 U.S.C. § 1133, an employee benefits plan must provide specific reasons explaining why it denied a claim for benefits and offer a full and fair review process.

Because exhaustion is not statutorily imposed, courts apply the requirement as a matter of judicial discretion and will excuse it when resort to administrative remedies would be futile or when the remedy provided is inadequate. *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998). A beneficiary who asserts futility must show that his claim for benefits would be denied, not just that he thinks he is unlikely to succeed. *Lane v. Sunoco, Inc. (R & M)*, 260 F. App'x 64, 66 (10th Cir. 2008). Plaintiffs argue that that it would be futile to pursue the administrative remedies in this case, and the Court agrees.

To prove Defendants owe additional compensation under the Plan, Plaintiffs must first establish that Defendants undercompensated them in violation of the FLSA and the KWPA. Defendants steadfastly have denied any liability on Plaintiffs' FLSA and KWPA claims. If Defendants admitted in an administrative proceeding that they owe Plaintiffs additional benefits un-

5

der the Plan, they would directly contradict their position on the unpaid wage claims. Therefore, Plaintiffs have pleaded sufficient specific facts to show, at this stage of the litigation, that exhausting the administrative remedies would be futile.

Last, and while the Court concludes it is futile to require Plaintiffs to exhaust the Plan's administrative remedies currently, the Court also recognizes that using the Plan administrative remedies may not be futile once the Court resolves Plaintiffs' unpaid wage claims. As a result, the Court denies Defendants' Motion to Dismiss Count VII without prejudice, but invites Defendants to renew this portion of the motion after Counts I through VI of the Second Amended Complaint are resolved.

### C. Plaintiffs Are Entitled To The Damages Requested In Count VII

In Count VII, Plaintiffs "seek damages in the amount of all benefits due and owing, interest, attorneys' fees, costs and expenses and such other relief as the Court deems just and proper."[2] Defendants argue that "interest, attorneys' fees, costs and expenses" are unavailable under ERISA and must be stricken.

Count VII brings a claim under ERISA § 502(a)(1)(B) to recover benefits under the Plan. ERISA § 502(g) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In addition, it is well settled that courts may award interest in § 502(a)(1)(B) actions. *See*, *e.g.*, *Kansas v. Titus*, 452 F. Supp. 2d 1136, 1151-52 (D. Kan. 2006) (awarding pre- and post-judgment interest after determining that the plaintiff was entitled to recover on his ERISA claim); *Irwin v. Principal Life Ins. Co.*, 404 F. Supp. 2d 1271, 1275 (D. Kan. 2005) ("[P]rejudgment interest is available in ERISA cases at the Court's discretion.");

---

[2] Doc. 76 at ¶ 191 (Second Amended Complaint).

*Ford. v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998) (affirming the trial courts' award of prejudgment interest and attorneys' fees on a § 502(a)(1)(B) claim).

Thus, an ERISA § 502(a)(1)(B) claim permits the relief sought by Count VII, and the Court denies Defendants' motion to strike Plaintiffs' request for interest, attorneys' fees, costs, and expenses in Count VII.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Count VII of Plaintiffs' Second Amended Complaint (Doc. 83) is denied without prejudice. But, as explained elsewhere in this Order, the Court will hold Count VII in abeyance until the Court resolves at least one of Counts I – VI of Plaintiffs' Second Amended Complaint. Defendants' motion to strike Plaintiffs' request for interest, attorneys' fees, costs, and expenses in Count VII is also denied.

**IT IS SO ORDERED.**

**Dated this 13th day of June, 2014, at Topeka, Kansas**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**