**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NANCY KOEHLER, et al.,                )<br>                                                    )<br>                        Plaintiffs,      )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>FREIGHTQUOTE.COM, INC.,    )<br>et al.,                                           )<br>                                                    )<br>                        Defendants.    )<br>_____) | Case No. 12-2505-DDC-GLR |

**MEMORANDUM AND ORDER**

In this case Plaintiffs pursue a collective or class action against Defendants for damages and related relief, arising out of alleged violations of the Fair Labor Standards Act, the Kansas Wage Payment Act, and the Employee Retirement Income Security Act.  After a scheduling conference with counsel on February 28, the Court on March 29, 2013 entered a Scheduling Order (ECF 39).  It set deadlines, including the following:  June 28, 2013, for completion of early (Phase 1) discovery relevant to class certification and the merits of the claims of named plaintiffs; and August 28, 2013, for motions either for or against certification.

Upon motions and agreements of the parties the Court has entered six extensions of those deadlines.  The most recent order to that effect was on May 22, 2014.  (ECF 121)  It extended the Phase 1 discovery deadline to June 16, 2014 for a limited purpose to allow Plaintiffs to complete the deposition of Defendants' corporate representative "after Plaintiffs' attempts to further specify and define the topics listed in Plaintiffs' Revised Notice to Take Rule 30(b)(6) Deposition."  (ECF 121, p. 1.)  The order also granted Plaintiffs leave to serve one additional

interrogatory and two additional document requests and to identify and request Defendants "to supplement their discovery responses to the extent necessary and appropriate."  The order also extended the motion deadlines to July 14, 2014.

The Court now has for consideration Plaintiffs' Opposed Motion for Extension of Scheduling Order Deadlines (ECF 125).  It seeks further extensions: September 12, 2014 for completion of Phase 1 discovery and October 10, 2014 for the motions.  After reviewing and duly considering it, together with the memoranda of the parties, the Court grants the motion in part and otherwise denies it for the following reasons.

First, the motion addresses the discretion of the Court.  It exercises that discretion, however, subject to the Federal Rules of Civil Procedure.  Rule 16(b)(4) provides that, "[a] schedule may be modified only for good cause and with the judges' consent."  (Fed. R. Civ. P. 16(b)(4) (underscoring added).  As the moving party, Plaintiff bears the burden to show good cause.  In this instance the Plaintiffs have suggested reasons for further extensions.  But they fall short of good cause for any general extension of discovery.  In determining good cause, the Court considers not only what additional discovery a party may propose, but also why it could not have been reasonably completed within the time already allowed by the Scheduling Order and its extensions.  In asserting their present motion, Plaintiffs almost ignore their having had over a year within which to obtain all the discovery they need, including what they now would pursue.

Second, the most recent extension, entered May 22, was for only limited purposes.  The Court finds no persuasive reason from the briefing to suggest either that such limited discovery has not been completed or otherwise why not.  By contrast, the present motion would re-open discovery, apparently without limitation, and in any event beyond what was authorized by the

order of May 22.

Third, notwithstanding their inferences to the contrary, the Court cannot determine that Plaintiffs are any less responsible than Defendants for not having earlier obtained the additional discovery they now propose.  Plaintiffs complain about the discovery Defendants have provided: First, at least one of their corporate witnesses lacked relevant knowledge and was unable to answer a number of questions upon her deposition.  Second, on the day(s) of one or more depositions of corporate witnesses Defendants produced first 3,000 and later 250 documents, responsive to the proposed subject matter of the deposition(s), apparently leading to a further delay in deposing two corporate representatives of Defendants.  Third, depositions of corporate witnesses have only recently revealed the existence of employees with some job responsibilities similar to those of the Plaintiffs and who may be eligible for inclusion as putative class members. Defendants concede these facts, except for the suggestion that there are additional employees who should be included as putative plaintiffs.

Notwithstanding these facts, the briefing of the parties fails to demonstrate that Defendants have defaulted in the discovery, as Plaintiffs suggest.  The Court finds nothing to suggest that any inadequacy in the deposition of the corporate representative Abbey Caton has not been corrected or that it could not have been corrected by additional discovery within the time limits already allowed.  The Court finds nothing to suggest that the production of  3,250 documents was untimely by virtue either of the deposition notices or the agreement of counsel.  It also finds nothing to suggest that any late discovery of additional, potential plaintiffs was the fault of Defendants.  Nor does the Court find in the memoranda of the parties sufficient facts to suggest there are additional employees who should be included as potential class plaintiffs.

Fourth, except for a request to serve ten additional interrogatories, the motion fails to specify what additional discovery Plaintiffs intend to pursue. If the discovery has been deficient, as Plaintiffs suggest, their remedy would appear to have been through a motion to compel, rather than a general extension of the deadline.

The motion also asks for leave to serve ten more interrogatories. Defendants object upon the grounds the motion fails to comply with D. Kan. Rule 33.1. The rule requires that a motion include the additional interrogatories for which leave is requested. In their reply memorandum Plaintiffs attach two interrogatories, which they should have included with the motion. Simply attaching them to a reply brief precludes the opposing party from objecting to them.

For the following reasons the Court will nevertheless grant the motion to a limited extent: The briefing suggests that Plaintiffs have intended to depose two corporate representatives, pursuant to Fed. R. Civ. P. 30(b)(6): Theresa Blaine and Brian Zamzow. Defendants agreed to those depositions, provided they proceed timely, before the deadlines previously set for motions relating to class certification. The Court will thus grant Plaintiffs leave to depose those two witnesses on or before August 25, 2014, at a specific time and date to be determined by agreement of the parties. The depositions should otherwise proceed, pursuant to the notice(s) last served for their respective depositions, including any request for production of documents. Any changes in such requests shall be only by agreement of the parties. The Court will extend the deadline for filing class and dispositive motions to September 25, 2014. In otherwise denying the motion, the Court is not ruling that merits discovery is terminated with regard to the named Plaintiffs. The Court will later address any need for such further discovery.

In summary, the Court grants in part and denies in part Plaintiffs' Opposed Motion for

4

Extension of Scheduling Order Deadlines (ECF 125).  On or before August 25, 2014, Plaintiffs may depose Theresa Blaine and Brian Zamzow, as hereinbefore detailed.  The deadline for any motions for class certification and dispositive motions is extended to September 25, 2014.

IT IS SO ORDERED.

Dated this 21th day of July, 2014, at Kansas City, Kansas.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U.S. Magistrate Judge