## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NANCY KOEHLER, ET AL.,**<br><br>      **Plaintiffs,**<br><br>v.<br><br>**FREIGHTQUOTE.COM, INC. and**<br>**FREIGHTQUOTE 401(K) PLAN,**<br><br>      **Defendants.** | **Case No. 12-cv-2505-DDC-GLR** |

## MEMORANDUM AND ORDER

Among other claims, plaintiffs in this lawsuit allege that defendant Freightquote.com, Inc. violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime to three categories of employees. This matter comes before the Court on plaintiffs' Motion for Conditional Class Certification (Doc. 17) of their FLSA claims. Plaintiffs' motion seeks conditional certification of their FLSA claims as a collective action under 29 U.S.C. § 216(b), as well as several other forms of relief related to conditional certification. For the following reasons, the Court grants conditional certification but grants in part and denies in part the remaining aspects of plaintiffs' motion.

### I. Facts and Procedural History

Plaintiffs Nancy Koehler, Regina Brisbane, John Smith, and Scott Matney are all former employees of defendant.[1] Defendant[2] is a logistics and shipping broker, which means that

---

[1] Since plaintiffs filed their original Complaint (Doc. 1), 16 additional current and former employees of defendant have joined this lawsuit as plaintiffs.

[2] Although there are two defendants in this lawsuit, plaintiffs assert their FLSA claims against Freightquote.com only. Because this Order addresses only plaintiffs' FLSA claims, the Court uses the word "defendant," singular, to refer to Freightquote.com.

1

defendant advises its customers about ways to ship their products and then arranges shipments with carriers to meet customer needs.  Plaintiffs seek to represent subclasses comprised of current or former Freightquote.com employees who, in the three-year period preceding this Order, have worked in one of the following three job categories:  (1) Account Representatives/Sales Representatives, (2) Customer Activation Specialists, and (3) Truckload Coverage Specialists.  Plaintiffs allege that defendant violated the FLSA by classifying these employees as exempt from the FLSA's overtime requirements, thereby denying them overtime pay due for time they worked in excess of 40 hours per week.

Plaintiffs filed their motion for conditional class certification over two years ago, on January 4, 2013.  Since that time, the parties have taken substantial discovery.  On March 29, 2013, Judge Rushfelt issued a Scheduling Order (Doc. 39) dividing discovery into two separate phases.  "Early discovery" (or "Phase 1") ended, after several extensions, on August 24, 2014, and focused only on "claims of the named Plaintiffs and matters related to conditional certification."  Doc. 39 at 4.  Over the course of Phase 1 discovery, the parties served Rule 26(a) disclosures, conducted extensive written discovery, and took depositions of the four named plaintiffs as well as five corporate representatives of defendant.

On September 25, 2014, plaintiffs filed a Motion for Class Certification under Rule 23 (Doc. 140) and a Motion for Partial Summary Judgment (Doc. 145), and defendants—Freightquote.com along with Freightquote.com 401(k) Plan—filed a Motion for Summary Judgment (Doc. 141).  In addition, and of particular relevance to this Order, plaintiffs sought leave on September 25 to file a Supplemental Memorandum in Support of their Motion for Conditional Class Certification (Doc. 144), which the Court granted (Doc. 147).  Defendant filed a Supplemental Memorandum in Opposition to plaintiffs' Motion for Conditional Class

Certification (Doc. 160) on November 24, 2014.  Plaintiffs filed a Reply (Doc. 166) on January 20, 2015.  This Order addresses plaintiffs' motion for conditional class certification.

## II.  Legal Standard

Under § 216(b) of the FLSA, a group of employees may bring claims against their employer on behalf of employees who are "similarly situated" to plaintiffs.  29 U.S.C. § 216(b).  Unlike class actions under Rule 23, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  *Id.*  In other words, any putative class members who wish to join this lawsuit must affirmatively "opt-in" to do so.

Section 216(b) does not define the term "similarly situated."  However, the Tenth Circuit has approved a two-step approach for determining whether plaintiffs in a proposed opt-in collective action are "similarly situated" for purposes of § 216(b).  *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Under this approach, a court makes an initial "notice stage" determination about whether a group of plaintiffs are similarly situated.  *Id.* at 1102.  "That is, the court determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."  *In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. 572, 576 (D. Kan. 2012).  The Court must certify this case conditionally as a collective action before plaintiffs may send notice to putative class members of their right to opt-in.  *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB, 2014 WL 2885363, at *2 (D. Kan. June 25, 2014).

For conditional certification at the notice stage, courts "'require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'"  *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech.*

3

*Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  As a result, the standard for certification at the notice stage is lenient and typically results in certification.  *In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. at 576.

The second stage occurs after discovery is complete.  *Thiessen*, 267 F.3d at 1102-03; *Folger*, 2014 WL 2885363, at *2.  At this stage, the defendant may file a motion to decertify, and courts then apply a stricter standard to determine whether plaintiffs are similarly situated. *Thiessen*, 267 F.3d at 1102-03.  During the second stage, courts review several factors, including the disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant which appear to be individual to each plaintiff, and fairness and procedural considerations.  *Id.* at 1103.

### III. Analysis

#### A. The Court Applies the Notice Stage Certification Standard

Plaintiffs' motion seeks only notice stage certification of their FLSA claims.  However, defendant argues that the Court should apply a stricter standard, more akin to the second stage of the certification analysis in *Thiessen*, because the parties have taken significant discovery in this case.  Defendant argues that "when the parties have participated in substantial discovery and evidence is available to the Court to weigh and consider, courts have consistently determined *a more stringent 'similarly situated' standard is applied*."  Doc. 160 at 26.

The Tenth Circuit has not addressed whether courts should apply a higher standard to conditional certification decisions before the end of discovery.  However, our Court uniformly has rejected defendant's argument.  *See, e.g.*, *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 686 (D. Kan. 2009) (Lungstrum, J.) (declining to apply a stricter standard, even though the parties had conducted a significant amount of discovery, because discovery was not yet complete);

*Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1167, (D. Kan. 2006) (Murguia, J.) (same); *Folger*, 2014 WL 2885363, at *4 (Belot, J.) (same).

Defendant cites two District of Kansas cases that purportedly support its argument for a heightened conditional certification standard here: *Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM-KGS, 2012 WL 2872160, at *5 (D. Kan. July 12, 2012) and *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *1-2 (D. Kan. Oct. 17, 2005). Neither case helps defendant. Both follow *Thiessen's* instruction that a court should apply a heightened standard "[a]t the conclusion of discovery." 267 F.3d at 1102-03. In *Allen*, Judge Melgren applied the lenient notice stage certification standard, writing, "[t]he Court employs a more stringent 'similarly situated' standard *after the parties have completed discovery*." 2012 WL 2872160, at *5 (emphasis added). In *Geer*, Judge Bostwick wrote: "*At the conclusion of discovery* (generally prompted by a motion to decertify), the court makes a second determination, utilizing a stricter standard of 'similarly situated' . . . ." 2005 WL 2648054, at *2 (emphasis added).

The Court declines to break from the consistent practice and apply a more stringent "similarly situated" analysis before the end of discovery. Judge Lungstrum's opinion in *In re Bank of America* is directly on point. In that case, the defendant argued that it would be "absurd" to apply the notice stage standard "in light of the substantial certification discovery that has occurred." 286 F.R.D. at 577. Nevertheless, Judge Lungstrum refused to apply a heightened standard, concluding that "[f]inal certification analysis typically occurs only when merits discovery is closed (or largely complete) and the case is ready for trial." *Id.* He noted: "While substantial certification discovery has taken place here, the magistrate judge has established a two-phased discovery plan under which discovery directed towards certification issues occurs

during the first phase and second phase (full merits discovery) begins only after a ruling on the certification question." *Id.*

Here, a significant amount of discovery has occurred. But, like in *In re Bank of America*, Judge Rushfelt has established a two-phased discovery plan under which discovery directed towards certification issues occurred during Phase 1, and Phase 2 will begin only after the Court grants or denies conditional certification. Phase 2 discovery has not begun, so discovery is ongoing. For this reason, and following the procedure endorsed by the Tenth Circuit and uniformly followed by this Court, the Court applies the lenient notice stage standard to determine whether to certify conditionally plaintiffs' proposed FLSA classes.

**B. The Court Grants Conditional Certification of Plaintiffs' FLSA Claims**

Plaintiffs seek conditional certification of the following three subclasses:

(1) Account Representatives: all current and former Account Representatives/Sales Representatives of defendant, and others with similar job titles, duties, and compensation structures, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek;

(2) Customer Activation Specialists: all current and former Customer Activation Specialists of defendant, and others with similar job titles, duties, and compensation structures, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek; and

(3) Truckload Coverage Specialists: all current and former Truckload Coverage Specialists of defendant, and others with similar job titles, duties, and compensation structures, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

Plaintiffs' proposed subclasses cover employees who worked for defendant in one of these three job categories "within the three-year period preceding" the Court's Order on their motion for conditional certification. Doc. 149 at 5.

Notice stage certification "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678). "In a FLSA exemption case, plaintiffs accomplish this by making some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)). "In determining whether plaintiffs are victims of a single policy, the court can consider the substantial allegations of the complaint along with any supporting affidavits or declarations." *Folger*, 2014 WL 2885363, at *3. However, at the notice stage, "the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Id.*

Defendant urges the Court to consider the extensive discovery the parties have taken in this case to determine whether there is factual support for plaintiffs' argument that they are similarly situated to the putative class members under § 216(b). In *Folger*, Judge Belot considered certification-stage discovery, including deposition testimony, to decide whether to grant conditional certification. *Id.* There, the plaintiffs alleged that the defendant had an unwritten company policy not to pay employees for working during meal breaks. *Id.* at *4. After reviewing the evidence, Judge Belot concluded that the plaintiffs had failed to make "substantial allegations" that they were subject to a single, company-wide policy that violated the FLSA because the depositions of the named plaintiffs revealed that the reasons the plaintiffs were not paid for meal period work were "all across the board." *Id.*

But even if the Court considers the discovery evidence here, the Court concludes that plaintiffs are entitled to conditional certification of their FLSA claims. Unlike in *Folger*, the evidence in this case supports plaintiffs' argument that they are similarly situated to the putative class members because they have similar job requirements and pay provisions and are classified as exempt under a common decision. *Myers*, 624 F.3d at 555. Indeed, defendant essentially admits as much. In its Supplemental Memorandum opposing plaintiffs' conditional certification motion, defendant states that the employees in each of the Account Representative, Customer Activation Specialist, and Truckload Coverage Specialist families of jobs "share the same essential job duties" and are all "classified as exempt from the overtime . . . requirements of the FLSA . . . ." Doc. 160 at 7. Defendant concedes that "[s]ome employees in these positions may have on occasion worked hours in excess of 40 hours in a given week," but that defendant does not compensate its salaried employees for any hours worked over 40 in a workweek. *Id.* at 7-8.

These facts by themselves are sufficient for the Court to conclude that plaintiffs have satisfied their minimal burden at the notice stage. That is, plaintiffs have made substantial allegations that they were together subject to a single decision that improperly classified three categories of employees as exempt from overtime laws. *See Gieseke*, 408 F. Supp. 2d at 1168 ("The court has allegations and evidence before it that plaintiffs' job duties are similar. That is all that is required in the notice stage."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) (concluding that the defendant's admission that (1) the putative plaintiff class performed the same job duties, (2) the defendant classified all putative plaintiffs as exempt, and (3) the defendant had a policy not to compensate employees in the putative plaintiff class for hours worked over 40 hours was "more than sufficient to show that all [putative plaintiffs] are similarly situated for purposes of authorizing a collective action notice.").

Defendant argues that plaintiffs have failed to make substantial allegations that they were subject to "a single decision, policy or plan," as *Thiessen* requires. 267 F.3d at 1102. According to defendant, an employer's decision to classify employees as exempt from overtime laws under the FLSA "'is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes.'" Doc. 160 at 35 (quoting *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 927 (D. Ariz. 2010)). But defendant here has conceded that employees in the three relevant job categories have similar job duties and that defendant does not pay overtime to employees working in those three job categories. These facts are sufficient to certify conditionally plaintiffs' FLSA claims as a collective action.

Defendant also opposes conditional certification by highlighting that the named plaintiffs failed to perform their job duties; that they lack evidence to show that they worked over 40 hours per week; and that one of the named plaintiffs worked remotely. While any or all of these arguments may yet prevail, they are not meaningful to the Court at this stage of the analysis in light of the minimal showing plaintiffs must make at the conditional certification stage. *In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. at 586; *see also Folger*, 2014 WL 2885363, at *3 ("[At the notice stage], the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims."). The Court may consider defendant's arguments at the second certification stage, when *Thiessen* instructs the Court to evaluate the "disparate factual and employer settings of the individual plaintiffs" and "the various defenses available to defendant which may appear to be individual to each plaintiff . . . ." 267 F.3d at 1103. For now, however, plaintiffs have met their burden for the Court to certify conditionally their FLSA claims as a collective action.

### C. Other Issues

In addition to conditional certification, plaintiffs request orders: (1) approving plaintiffs' proposed Notice to putative class members; (2) requiring defendant to provide plaintiffs with a list of personal information about putative class members; (3) requiring defendant to post the Notice at its offices; (4) tolling the statute of limitations period for the putative class members' FLSA claims; and (5) appointing plaintiffs as class representatives and plaintiffs' counsel as class counsel for the FLSA claims in this lawsuit. For its part, defendant seeks an order shifting some of the costs associated with conditional certification to plaintiffs. The Court addresses each issue in turn.

#### 1. Proposed Notice

Plaintiffs submit a proposed Notice, which they seek to send to putative class members to notify them of this lawsuit and their right to opt into it. *See* Doc. 149-7. Defendant objects to plaintiffs' proposed Notice. Instead of making specific arguments against it, however, defendant asks the Court to delay considering the proposed Notice to give the parties time to agree on a Notice form without Court involvement. The Court grants defendant's request. The parties must confer and submit a joint proposed Notice by April 1, 2015. If the parties are unable to agree on all aspects of a proposed Notice, they must identify the portions of the Notice about which they cannot agree and set forth their respective positions in a joint filing with the Court no later than April 1, 2015. The parties' briefing on the conditional certification issue indicates that they have agreed to a 90-day opt-in period; assuming the Court's understanding is correct, the parties' submission should say as much.

## 2. Information About Putative Class Members

Plaintiffs also request an order requiring defendant to provide plaintiffs with the names, addresses, telephone numbers, dates of employment, locations of employment, last four digits of each individual's social security number, and dates of birth for all putative class members, to assist with issuing notice. They ask that defendant provide this information in an electronic and importable format, like Microsoft Excel, within 10 days of this Order.

It is "not uncommon" for groups of plaintiffs to request information about putative class members in FLSA collective actions. *See Allen*, 2012 WL 2872160, at *7. The Court grants plaintiffs' request for putative class members' names, addresses, telephone numbers, and dates and locations of employment. Courts have found that "such information 'may be useful for locating . . . employees,'" *id.* (quoting *Hadley v. Wintrust Mortg. Corp.*, No. 10-2574-EFM, 2011 WL 4600623, at *4 (D. Kan. Oct. 3, 2011)), and defendant concedes that plaintiffs "may be entitled to" this information. Doc. 160 at 40. Defendant must provide this information in an electronic and importable format within 10 days of this Order.[3]

However, the Court denies plaintiffs' request for putative class members' social security numbers and dates of birth. Generally, courts addressing a request for this information have applied a balancing test, weighing the plaintiffs' need for it against the putative class members' privacy interests. *Allen*, 2012 WL 2872160, at *8 (citing *Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM-GLR, 2007 WL 445202, at *4 (D. Kan. Feb. 7, 2007)). The Court concludes that the putative class members' privacy interests outweigh plaintiffs' need for their

---

[3] In its Supplemental Memorandum opposing plaintiffs' conditional certification motion, defendant states that it has already provided "[p]laintiffs' attorneys with a list of putative class members, including employee identification numbers, names, addresses, titles, and start dates. . . . Approximately five months later, on July 22, 2014, Freightquote again updated the list and again provided it to [p]laintiffs' counsel." Doc. 160 at 25. In light of this statement, the Court realizes that defendant already may have provided plaintiffs the information they seek. If it has done so, and in the format the Court orders, defendant need not provide this information again.

11

social security numbers and dates of birth, at this point.  If plaintiffs find that they cannot locate potential class members using the information available to them, they may file a motion detailing their need for additional information.

### 3. Posting Notice

Plaintiffs also seek an order requiring defendant to post the proposed Notice in conspicuous locations at its offices.  In support of this request, plaintiff cites a host of cases from other districts that ordered employers to post notice of FLSA lawsuits at their places of business.  Defendant objects, arguing that plaintiffs have not demonstrated that they need to post notice to reach the putative class members fully.  The Court agrees with defendant and denies plaintiffs' request.  In this Order, the Court requires defendants to provide plaintiffs with contact information for the putative class members.  Plaintiffs have presented no evidence or suggestion that posting the Notice would reach a wider audience than mailing the Notice would reach, and the potential class members that such a posting would reach are the same employees for whom defendant most likely has current home address information.  *See Allen*, 2012 WL 2872160, at *8 (denying the plaintiffs' request to post notice because the plaintiffs "have not established the necessity for such a notice."); *Hadley*, 2011 WL 4600623, at *4 (holding that because the defendant had already provided contact information for the putative class members, "[p]osting the collective action notice at [the defendant's] offices is thus cumulative, overreaching, and likely to cause confusion among [the defendant's] employees.").  Here, the Court concludes that mailing notice of this lawsuit to the putative class members will suffice.

### 4. Tolling the Statute of Limitations

Plaintiffs also request an order "[t]olling the statute of limitations period for the putative class members from the date of filing of Plaintiffs' Motion for Conditional Class Certification

until the close of the opt-in period." Doc. 149 at 15. Unlike Rule 23 class actions, the commencement of an FLSA collective action does not toll the statute of limitations for putative class members automatically. 29 U.S.C. § 256(b). Thus, absent an order from the Court tolling the applicable statute of limitations, the limitations period for each putative class member would be three years (because plaintiffs allege that defendant willfully violated the FLSA) before the date he or she opts into the action. *Id.* at §§ 255(a), 256(b). "The statute, in other words, contains a look-back provision which limits to three years from opt-in how far back a plaintiff can look to find violations by his or her employer." *In re Bank of Am. Wage & Hour Emp't Litig.*, No. 10-MD-2138-JWL, 2010 WL 4180530, at \*2 (D. Kan. Oct. 20, 2010).

Plaintiffs assert that because their motion for conditional certification has been pending for over two years, the statute of limitations may have eliminated a significant portion of the putative class members' claims through no fault of their own. Plaintiffs argue that the Court should toll the statute of limitations to prevent this unjust result. Defendant opposes this request, noting that Judge Rushfelt entered an order denying plaintiffs' request to toll the statute of limitations on their FLSA claims earlier in this case. *See* Doc. 85 at 4. The Court does not view Judge Rushfelt's Order, from August 22, 2013, as controlling the decision now. At that time, plaintiffs argued that the Court should toll the statute of limitations on potential class members' FLSA claims as a sanction against defendant, an argument different from the one plaintiffs make here.

The Tenth Circuit has not addressed on when, if ever, equitable tolling is appropriate in an FLSA collective action. However, district courts in this Circuit uniformly have agreed that tolling can, in some circumstances, be appropriate in a lawsuit like this one. *Compare In re Bank of Am. Wage & Hour Emp't Litig.*, 2010 WL 4180530, at \*5 (tolling the limitations period for

the FLSA putative class until the court rules on the motion for conditional certification), *and Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012) (tolling the statute of limitations because "allowing Opt-In Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust."), *with Greenstein v. Meredith Corp.*, No. 11-2399-RDR, 2013 WL 4028732, at *2 (D. Kan. Aug. 7, 2013) (declining to toll the statute of limitations but concluding that tolling is appropriate in some circumstances).

Generally, the courts in this Circuit that have considered this issue have followed an approach pioneered by the Sixth Circuit. *See In re Bank of Am. Wage & Hour Emp't Litig.*, 2010 WL 4180530, at *6 (adopting the Sixth Circuit's approach to evaluate whether to toll the statute of limitations in an FLSA collective action); *Stransky*, 868 F. Supp. 2d at 1181 (same); *Greenstein*, 2013 WL 4028732, at *2 (same). Under the Sixth Circuit's approach, courts analyze five factors to determine whether to toll the statute of limitations on putative class members' FLSA claims: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Not every factor will apply in every case, and "the propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.*

Following other district courts in our Circuit, the Court is inclined to use the Sixth Circuit's approach here. However, the Court believes conducting this analysis now is premature. Plaintiffs seek a blanket ruling that all putative class members are entitled to equitable tolling. That is, they ask the Court to determine that the above-listed factors weigh in favor of potential plaintiffs who are not yet (and may never be) parties to this action. A plaintiff's diligence is

14

relevant to the tolling analysis. For instance, some plaintiffs may have had notice or should have known about this lawsuit from other sources. At this point, however, the Court lacks sufficient information about the potential class members to determine if they were reasonably diligent under the Sixth Circuit's factors. *See In re Amazon, Inc. Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, MDL No. 2504, 2014 WL 3695750, at *3 (W.D. Ky. July 24, 2014) (delaying decision on whether to toll the statute of limitations on the putative plaintiffs' FLSA claims until the close of the opt-in period).

Admittedly, other courts have ordered the type of blanket tolling plaintiffs seek here. *See In re Bank of Am. Wage & Hour Emp't Litig.*, 2010 WL 4180530, at *7; *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013). But given the importance of this issue to both parties, the Court believes that the better course is to delay its decision until the opt-in period has closed and the Court has more information about the putative class members. The Court denies plaintiffs' request to toll the statute of limitations as premature, but they may raise this issue again at the conclusion of the opt-in period on plaintiffs' FLSA claims. *Accord In re Amazon*, 2014 WL 3695750, at *4.

### 5. Cost Shifting

Finally, defendant seeks an order shifting some of the costs associated with conditional certification to plaintiffs. Under the federal discovery rules, "the presumption is that the responding party must bear the expense of complying with discovery requests . . . ." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). This presumption notwithstanding, courts have discretion under Fed. R. Civ. P. 26(c) to order the requesting party to pay the costs of discovery. *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 3822773, at *7 (D. Kan. Aug. 13, 2008). In making such a determination,

courts often consider the factors set forth in Rule 26(b)(2)(C)(iii):  whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  *See id.*; *Cochran v. Caldera Med., Inc.*, No. 12-5109, 2014 WL 1608664, at *3 (E.D. Pa. Apr. 22, 2014).

Defendant does not argue whether these factors apply.  Instead, defendant asserts that "plaintiffs would unjustly benefit from a form of 'asymmetrical discovery' wherein defendant[] [is] forced to endure the extensive costs of discovery" unless the Court shifts some costs to plaintiffs.  Doc. 27 at 14.  This argument is insufficient by itself to overcome the presumption that the responding party bears the costs of complying with discovery requests.  Because defendant has not demonstrated that the discovery it has produced in this case so far was unduly burdensome under Rule 26's factors, the Court denies defendant's request.

### IV. Conclusion

As discussed above, the Court:

(1) grants plaintiffs' motion for conditional class certification under § 216(b);

(2) orders the parties to submit the following to the Court by April 1, 2015:

   a.  their joint proposed Notice; or

   b.  if they are unable to agree on all aspects of a proposed Notice, a joint filing identifying the portions of the Notice on which they cannot agree and setting forth their respective positions;

(3) orders defendant to provide plaintiffs with the names, addresses, telephone numbers, and dates and locations of employment for all putative class members within 10 days of this Order;

(4) denies plaintiffs' request for an order tolling the statute of limitations on the putative class members' FLSA claims, without prejudice; and

(5) denies defendant's request to shift some of the costs of discovery in this case to plaintiffs.

Finally, the Court appoints plaintiffs Nancy Koehler, Regina Brisbane, John Smith, and Scott Matney as class representatives for this collective action and appoints plaintiffs' counsel as class counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Conditional Class Certification (Doc. 17) is granted in part and denied in part as set out in this Order.

**IT IS SO ORDERED.**

**Dated this 18th day of March, 2015, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**